IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD ALONSO, #202202228,<br>    Plaintiff,<br>v.<br><br>JOHNSON COUNTY JAIL, et al.,<br>    Defendants. | § § § § § § § § § | No. 3:23-cv-00489-G (BT) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Edward Alonso filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 in the Northern District of Texas, Fort Worth Division. On January 26, 2023, the Court issued Notice and Instructions to a *Pro Se* Party (ECF No. 3). The case was then transferred to the Dallas Division of the Northern District of Texas on March 3, 2023. That same day, the Court issued a Consent Form (ECF No. 13) and Notice and Instructions to a *Pro Se* Party (ECF No. 14). The Instructions from both courts admonished Alonso to notify the Court if his address changes, or his case may be dismissed. On March 16, the Notice and Instructions from this Court (ECF No. 14) and the Consent Form (ECF No. 13) were returned to the Court marked "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." (ECF No. 17.) Alonso has failed to provide the Court with a current address. Therefore, this case should be dismissed without prejudice under Rule 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, this litigation cannot proceed because Alonso has failed to keep the Court apprised of his current address. On January 26, 2023, the Fort Worth Division mailed Alonso Instructions, which advised him: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 3 at 1.) Then, again on March 3, 2023, this Court mailed Alonso Instructions with the same warning to notify the Court if his address changes, or his case may be dismissed. (ECF No. 14.) Alonso has failed to provide the Court with a current address. Without an address, the Court is unable to communicate with Alonso about his case.

By failing to provide the Court with a current address, Alonso has failed to comply with a court order and failed to prosecute his lawsuit.

2

Dismissal without prejudice is warranted under these circumstances. The Court should dismiss Alonso's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed March 29, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.